**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TROY NAMAN POWELL, a/k/a Troy
Norman Powell,
          *Defendant-Appellant.*

No. 11-6152

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(5:03-cr-00037-RLV-13; 5:10-cv-00137-RLV)

Argued: May 18, 2012

Decided: August 20, 2012

Before WILKINSON, NIEMEYER, and KING,
Circuit Judges.

---

Affirmed by published opinion. Judge Niemeyer wrote the
opinion, in which Judge Wilkinson joined. Judge King wrote
an opinion dissenting in part and concurring in the judgment
in part.

---

## COUNSEL

**ARGUED:** Milton Gordon Widenhouse, Jr., RUDOLF,
WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for

Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

In 2004, Troy Powell was convicted of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and he was sentenced to 240 months' imprisonment. The sentence imposed was an enhanced mandatory minimum sentence based on Powell's prior North Carolina drug conviction. The maximum sentence that could have been imposed for the violation, regardless of the enhancement for the prior offense, was life imprisonment. *See id.* § 841(b)(1)(A).

Almost six years later, Powell filed this motion under 28 U.S.C. § 2255, seeking to vacate his sentence in light of the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), which held that the question of whether a prior conviction is an "aggravated felony" as used in the Immigration and Nationality Act ("INA") must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct. Powell argues that *Carachuri* should be applied retroactively as a new substantive rule to invalidate the use of his prior North Carolina conviction, which the district court found was a felony conviction and thus could be used to enhance his 2004 sentence under 21 U.S.C. § 841(b). He explains that *Carachuri* should be applied in the manner that we applied it in *United States v. Simmons*, 649 F.3d 237, 243-45 (4th Cir. 2011) (en banc)

(applying *Carachuri* to invalidate a sentence enhanced under the Controlled Substance Act based on a prior conviction punished under North Carolina's structured sentencing scheme). Powell contends that his § 2255 motion is timely based on 28 U.S.C. § 2255(f)(3), which authorizes the filing of a § 2255 motion within one year after the Supreme Court recognizes a new right that has been made retroactively applicable to cases on collateral review.

The district court denied Powell's motion, holding, among other things, that no court had held that *Carachuri* applied retroactively to cases on collateral review.

For the reasons that follow, we affirm.

I

Powell pleaded guilty in 2004 to conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 grams of crack cocaine, subjecting him to a mandatory minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment. In sentencing Powell, the district court calculated his Guidelines range to be a sentence between 108 and 135 months' imprisonment. Considering, however, Powell's 1999 conviction in North Carolina state court for possession of marijuana with intent to distribute and concluding that it was a "felony drug offense"—one that potentially subjected Powell to a sentence exceeding one year—the court enhanced Powell's sentence to the mandatory minimum term of 20 years' imprisonment, as provided by 21 U.S.C. § 841(b)(1)(A). While the record shows with respect to Powell's prior conviction that North Carolina had sentenced Powell to a term of six to eight months' imprisonment, it does not reveal what the maximum sentence could have been inasmuch as there is no evidence in the record that demonstrates whether Powell's offense was an aggravated one or whether he had a criminal history, at least one of which would have been necessary to subject Powell to the possibility of a

sentence exceeding one year. *See* N.C. Gen. Stat. § 15A-1340.17(c) (1999).

After the Supreme Court decided *Carachuri*, our court decided *Simmons*, where we overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history. *See Simmons*, 649 F.3d at 241.

Within one year after *Carachuri* was decided, Powell filed this § 2255 motion to vacate his sentence, contending that in light of *Carachuri* and *Simmons*, the district court had erroneously enhanced his sentence under 21 U.S.C. § 841(b)(1)(A), based on its finding that his prior North Carolina drug offense qualified as a "felony drug offense."

The district court dismissed Powell's motion as untimely. Noting that his motion must be filed within one year after the Supreme Court has recognized a new right that has been made "retroactively applicable to cases on collateral review," the district court concluded that Powell could not show that any court had held that "*Carachuri* is retroactive on collateral review."

From the district court's January 4, 2011 order dismissing his § 2255 motion, Powell filed this appeal.

## II

Section 2255 of Title 28 authorizes motions based on a defendant's claim that, among other things, the defendant's "sentence was imposed in violation of the Constitution or laws of the United States . . . [or] was in excess of the maxi-

mum authorized by law." Such motions must be filed within one year of the defendant's judgment of conviction or, as applicable here, within one year of

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f)(3).

Powell contends that his § 2255 motion satisfies the conditions of § 2255(f)(3) because *Carachuri* recognized a new substantive right, which should be retroactively applied to his motion. He argues that *Carachuri* recognized a new right that prohibits use of his 1999 North Carolina conviction to enhance his 2004 sentence and that, because he "received a punishment [in 2004 that] the law could not impose on him," the rule in *Carachuri* is substantive. *See Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (noting that a rule is substantive rather than procedural if it "alters . . . the class of persons that the law punishes").

The government contends that *Carachuri* is a civil case construing the INA and that its holding is not a rule of criminal law that narrowed the class of persons who can be punished by the criminal law. Moreover, according to the government, if *Carachuri* did create a new rule, it was merely a procedural rule indicating the process by which lower courts should determine whether a prior conviction constituted an "aggravated felony" for the purposes of the INA. It argues that *Carachuri* "did not narrow the construction of a criminal statute, but rather, at most, made clear what must be evident on the face of the record before considering a prior conviction to have been a recidivist conviction." The government maintains that while our decision in *Simmons*, which applied the interpretive principles applied in *Carachuri*, may have announced a new substantive rule of criminal law, *Carachuri*

itself did not. Finally, it asserts that in this case, even *Simmons* does not indicate that in 2004 Powell "face[d] a punishment that the law [could not] impose," *Schriro*, 542 U.S. at 352, because regardless of whether the prior North Carolina conviction qualified as an enhancing conviction under 21 U.S.C. § 841(b)(1)(A), Powell faced the same *maximum* sentence of life imprisonment.

The principles governing whether a new right is retroactively applicable to cases on collateral review are well settled. The chief objective of federal collateral review is to ensure that "trial and appellate courts throughout the land . . . conduct their proceedings in a manner consistent with established [legal] standards." *Teague v. Lane*, 489 U.S. 289, 306 (1989) (plurality opinion) (quoting *Desist v. United States*, 394 U.S. 244, 262-63 (1969) (Harlan, J., dissenting)). Consistent with this goal, collateral review is ordinarily available to "correct violations of long-established . . . rights," but not to overturn the outcome in cases where the trial judge and jury "faithfully appl[ied] existing . . . law." *Engle v. Isaac*, 456 U.S. 107, 128 n.33 (1982). Stated differently, well-established legal rules—old rules—are applicable on collateral review, while new rules generally are not. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007).

Nonetheless, *Teague* and its progeny have identified two exceptional situations in which new legal rules ought to be applied retroactively. *Lambrix v. Singletary*, 520 U.S. 518, 527 (1997). The first allows for the retroactive application of new *substantive* rules. *See Schriro*, 542 U.S. at 351 (explaining that new substantive rules, unlike new procedural rules, "generally apply retroactively" on collateral review). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Id.* at 353. By contrast, a rule is procedural if it merely regulates "*the manner of determining* the defendant's culpability." *Id.* And such procedural rules do not generally apply retroactively.

The second exception provides a narrow possibility of retroactivity for new procedural rules, but its scope is far more restricted than the exception for substantive rules. New procedural rules may be applied retroactively if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (internal quotation marks omitted). Since *Teague*, the Supreme Court has reviewed numerous claims that various new rights fall within this exception, and it has rejected every single one of them. *See Whorton*, 549 U.S. at 418 (collecting cases). In doing so, the Court has repeatedly implied that the only procedural rules deserving of retroactive application are those that are comparable in importance to *Gideon v. Wainwright*, 372 U.S. 335 (1963), which incorporated the Sixth Amendment right to counsel against the States. *See, e.g.*, *Beard v. Banks*, 542 U.S. 406, 417 (2004).

Applying these formulations, we conclude that *Carachuri* is best understood as articulating a procedural rule rather than a substantive one. The case prescribed the *manner* in which to construe an INA condition that prohibits discretionary cancellation of an order of removal—*i.e.*, the condition that inquires whether the defendant had been "convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). The *Carachuri* Court held that in determining whether the condition is satisfied, a court must look to the defendant's *record of conviction*, not to a *hypothetical conviction* which could have been prosecuted in the circumstances. *See Carachuri*, 130 S. Ct. at 2586-89.

The issue in *Carachuri* was whether a second Texas state conviction for drug possession, prosecuted as simple drug possession rather than as recidivist drug possession, qualified as an "aggravated felony," as that term is used in the INA. For a state drug offense to qualify as an "aggravated felony" under the INA, the state offense would have to be punishable as a felony (punishable for more than one year of imprisonment)

if prosecuted under the federal Controlled Substances Act ("CSA"). Under the CSA, a conviction for simple drug possession is generally not punishable by more than one year of imprisonment and therefore would typically not count as an aggravated felony under the INA. *See* 21 U.S.C. § 844(a). But a conviction for drug possession by a recidivist would be punishable by imprisonment for more than one year and therefore would count as an aggravated felony. *See id.*

The defendant in *Carachuri* had been convicted twice in Texas for simple drug possession, but his second offense was not prosecuted as a recidivist offense. Nonetheless, the government argued that because the second offense *could have* been prosecuted in federal court as a recidivist offense under § 844(a), which would have potentially subjected the defendant to a sentence of more than one year, his second conviction qualified as an aggravated felony under the INA. The Supreme Court rejected this "hypothetical approach," explaining that Carachuri's "record of conviction [in the state court] contains no finding of the fact of his prior drug offense." *Carachuri*, 130 S. Ct. at 2586. The Court observed that regardless of whether the defendant *could have* been charged in state or federal court as a recidivist, he was *not in fact* so charged. It therefore concluded that the defendant was not *actually* "convicted of any aggravated felony" within the meaning of the INA. *See id.* at 2589.

The Supreme Court's holding in *Carachuri* altered neither "the range of conduct" nor the "class of persons" that could be punished under any criminal statute. *See Schriro*, 542 U.S. at 353. Both before and after *Carachuri*, the range of conduct prohibited by 21 U.S.C. § 844(a), the federal analogue of the applicable Texas statute, is simple drug possession; likewise, before and after the decision in *Carachuri*, the "class of persons" subject to punishment under § 844(a) and the corresponding Texas statute remains the same: nonrecidivists drug possessors can receive up to one year's imprisonment and recidivist drug possessors can receive up to two years' impris-

onment. The only novelty introduced by *Carachuri* is the procedure for determining whether a defendant's prior conviction qualifies as an aggravated felony. The Court held that a defendant can be found to have had a prior conviction for recidivist drug possession and thus for an aggravated felony if the *record of conviction* includes a finding that the defendant was *in fact* a recidivist. *See Carachuri*, 130 S. Ct. at 2589. Because the sole innovation of *Carachuri* relates to "the *manner of determining*" the potential punishment for an offense based on the facts disclosed by the judicial record, it is a quintessential procedural rule. *Schriro*, 542 U.S. at 353; *see also United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001) (holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "constitutes a procedural rule because it dictates what *fact-finding procedure* must be employed" (emphasis added)).

Our decision in *Simmons* reinforces this reading of *Carachuri*. We summed up the ultimate question in *Carachuri* as "whether Carachuri had been 'convicted of' a crime 'punishable as a federal felony' under the CSA." 649 F.3d at 241 (quoting *Carachuri*, 130 S. Ct. at 2583). We explained that the Supreme Court answered that question by holding that "Carachuri was 'not actually convicted' of an offense punishable by a term of imprisonment exceeding one year" because the *record of conviction* for his second drug offense "contained 'no *finding of the fact* of his prior drug offense.'" *Id.* at 242 (quoting *Carachuri*, 130 S. Ct. at 2586-87) (emphasis added); *see also*, *e.g.*, *id.* at 243 ("In *Carachuri*, the Court [construed one of its prior opinions as holding] that a recidivist finding could set the maximum term of imprisonment, *but only* when the finding is a part of the record of conviction" (internal quotation marks omitted)). We then extracted the interpretive principles and procedural requirements outlined in *Carachuri* from the statutory context in which they initially arose and applied them to 21 U.S.C. § 841 and the North Carolina sentencing scheme. In doing so, we held that "because no *findings* of recidivism or aggravation appear[ed] in Simmons's state *record of conviction*, those enhancements [could]

not be considered in determining whether Simmons's offense constitutes a 'felony drug offense' under the CSA." *Id.* 249 (emphasis added).

Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review. *See Saffle*, 494 U.S. at 495 (noting that procedural rules apply retroactively only when they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" (internal quotation marks omitted)). Thus, Powell's § 2255 motion must be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(3).

The district court's order of dismissal is

*AFFIRMED*.

KING, Circuit Judge, dissenting in part and concurring in the judgment in part:

Under the panel majority's blanket non-retroactivity ruling, relief is unattainable under 28 U.S.C. § 2255(f)(3) even by a movant who — as we now know from the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) — was wrongfully convicted of being an 18 U.S.C. § 922(g)(1) felon in possession of a firearm. The majority so decides by construing *Carachuri* to announce a mere procedural, rather than a substantive, rule. Because I strongly disagree with the majority's analysis, I am compelled to dissent. But because this is not a case in which relief is otherwise available, I concur in the judgment affirming the district court's denial of appellant Troy Powell's § 2255 motion.

## I.

## A.

Critically, the *Carachuri* rule has numerous applications, including usages "that narrow the scope of a criminal statute by interpreting its terms," and thereby "alter[ ] the range of conduct or the class of persons that the law punishes." *See Schriro v. Summerlin*, 542 U.S. 348, 351, 353 (2004). For example, applying the *Carachuri* rule, the enhanced 21 U.S.C. § 841(b) penalties premised on prior "felony drug offense" convictions are imposable only on defendants whose previous convictions actually exposed them to imprisonment for more than one year. *See United States v. Simmons*, 649 F.3d 237, 243-45 (4th Cir. 2011) (en banc). And, solely those prior offenders who actually faced one-year-plus sentences are prosecutable under 18 U.S.C. § 922(g)(1) for being felons in possession of a firearm. *See, e.g.*, *United States v. Parker*, 465 F. App'x 283, 284-85 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 243-45). Until *Carachuri*, however, enhanced 21 U.S.C. § 841(b) penalties and 18 U.S.C. § 922(g)(1) criminal liability were afforded a much broader sweep, extending to prior offenders whose convictions would have qualified a hypothetical "defendant with the worst possible criminal history" for a sentence above one year. *See United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005).

As such, *Carachuri* revealed that many defendants whose cases were adjudicated under the old *Harp* regime were "convicted of an act that the law does not make criminal or [received] a punishment that the law cannot impose upon [them]." *See Schriro*, 542 U.S. at 352 (internal quotation marks omitted). The only proper conclusion for our Court to reach, then, is that *Carachuri* resulted in a "[n]ew *substantive* rule[ ]" retroactively applicable to qualifying cases on collateral review. *See id.* at 351; *see also United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) (recognizing that 28 U.S.C. § 2255(f)(3) "does not require that the initial retroactivity

question be decided in the affirmative *only* by the Supreme Court").

1.

The substantive nature of the *Carachuri* rule is perhaps most readily apparent in the context of 18 U.S.C. § 922(g)(1) (criminalizing firearm possession by a convicted felon, i.e., "any person . . . who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year"). Because it narrows the definition of a convicted felon under § 922(g)(1) — from *Harp*'s any prior offender whose conviction would have qualified a hypothetical recidivist for more than one year of imprisonment, to only those prior offenders who actually faced such a sentence — *Carachuri* proclaimed "a new substantive right which must be applied retroactively to cases on collateral review for purposes of [28 U.S.C.] § 2255(f)(3)." *See Thomas*, 627 F.3d at 538 (relying on *Schriro v. Summerlin*, 542 U.S. at 351-52; *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

Our *Thomas* decision is illustrative. There, we were called on to decide the retroactivity of the rule announced in *Watson v. United States*, 552 U.S. 74, 83 (2007) (holding that "a person does not 'use' a firearm under [18 U.S.C.] § 924(c)(1)(A) when he receives it in trade for drugs"). In deeming the *Watson* rule to be substantive and thus retroactive, Chief Judge Traxler explained that

> the Supreme Court in *Watson* plainly interpreted the term "use" in such a way as to "narrow [its] scope" and, in doing so, "place[d] particular conduct . . . beyond the [government's] power to punish" under § 924(c)(1)(A). *Schriro*, 542 U.S. at 351-52. Thus, the rule announced by the *Watson* Court effectively "decriminalize[d]," for purposes of the "use" prong of § 924(c), "a class of conduct." *Saffle*, 494 U.S. at 495. A defendant may not be convicted of *using* a

firearm in furtherance of a drug trafficking offense under § 924(c) if he merely receives the gun in exchange for drugs. *See Watson*, 552 U.S. at 83. And, because this conduct is beyond the scope of § 924(c)(1)(A), a defendant convicted under such facts would "stand[ ] convicted of an act that the law does not make criminal" and serve "a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352 (internal quotation marks omitted). Accordingly, we hold that the right announced in *Watson* is a new substantive right which must be applied retroactively to cases on collateral review.

*Thomas*, 627 F.3d at 538 (alterations in original).

Here, quite similarly, the *Carachuri* Court's definition of a convicted felon served to "narrow [its] scope" and "place[d] particular conduct or persons covered by the statute beyond the [government's] power to punish" under § 922(g)(1). *See Schriro*, 542 U.S. at 351-52. As such, the *Carachuri* rule effectively "decriminalize[d] a class of conduct [or] prohibit-[ed] the imposition of [certain] punishment on a particular class of persons." *See Saffle*, 494 U.S. at 495. Under the *Carachuri* rule, a prior offender who was never exposed to a one-year-plus sentence is not a convicted felon barred by § 922(g)(1) from possessing a firearm. Thus, any such prior offender subjected to criminal liability under § 922(g)(1) would "stand[ ] convicted of an act that the law does not make criminal" and serve "a punishment that the law cannot impose upon him." *See Schriro*, 542 U.S. at 352 (internal quotation marks omitted). In these circumstances, as in *Thomas*, we are obliged to recognize the new rule as substantive and give it retroactive effect. *Accord Bousley v. United States*, 523 U.S. 614, 620-21 (1998) (recognizing substantive nature and retroactivity of rule announced in *Bailey v. United States*, 516 U.S. 137, 144 (1995), that 18 U.S.C. § 924(c)(1)'s "use" prong required the government to show "active employment of the firearm").

2.

The retroactivity analysis in the context of enhanced 21 U.S.C. § 841(b) sentences is a bit more complex, but, at least in part, reaches the same result. Significantly, § 841(b) contains multiple provisions mandating an enhanced sentence for a defendant with a previous "felony drug offense" conviction. Subsection (b)(1)(A), under which appellant Powell was sentenced, increases the mandatory minimum sentence from ten to twenty years, but retains the same maximum sentence of life. All enhanced § 841(b)(1)(A) sentences are therefore within the unenhanced statutory maximum.[1]

The same cannot be said, however, for other enhanced § 841(b) sentences. Aside from that found in subsection (b)(1)(A), every subsection (b) enhancement for a prior "felony drug offense" conviction allows for a sentence greater than the unenhanced statutory maximum. *See* § 841(b)(1)(B) (specifying unenhanced range of five to forty years and enhanced range of ten years to life); § 841(b)(1)(C) (authorizing unenhanced sentence up to twenty years and enhanced sentence up to thirty years); § 841(b)(1)(D) (unenhanced sentence up to five years and enhanced sentence up to ten years); § 841(b)(1)(E)(i)-(ii) (unenhanced sentence up to ten years and enhanced sentence up to twenty years); § 841(b)(2) (unenhanced sentence up to five years and enhanced sentence up to ten years); § 841(b)(3) (unenhanced sentence up to one year and enhanced sentence up to four years).

For those defendants who, pursuant to our now-abrogated *Harp* decision, were inevitably meted out enhanced § 841(b)

---

[1]As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum — as any such enhanced subsection (b)(1)(A) sentence would necessarily be.

sentences exceeding the unenhanced statutory maximum, *Carachuri* constitutes a retroactively applicable substantive rule. To understand why, it is helpful to look to the cogent analysis of *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010). There, the Seventh Circuit had to decide the retroactivity of the rule announced in *Begay v. United States*, 553 U.S. 137 (2008), delineating what it means to have a prior "violent felony" conviction for purposes of an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA").

The *Welch* court depicted the question before it — in words that could be used to describe the 21 U.S.C. § 841(b) issue here — as being "whether a statutory rule defining the scope of a sentencing enhancement that increases the maximum allowable statutory sentence on the basis of a prior conviction is properly classified as substantive." 604 F.3d at 415. Easily answering in the affirmative, and invoking Supreme Court precedent such as *Schriro*, the court explained:

> In essence, *Begay* narrowed substantially Mr. Welch's exposure to a sentence of imprisonment. Without the ACCA enhancement, Mr. Welch faced a statutory *maximum* of 10 years' imprisonment. With the ACCA enhancement, Mr. Welch faced a statutory *minimum* of 15 years' imprisonment. In short, the application of the ACCA imposed, at a minimum, five years of imprisonment that the law otherwise could not impose upon him under his statute of conviction. Such an increase in punishment is certainly a substantive liability.

*Welch*, 604 F.3d at 415. The *Welch* court noted that the *Begay* rule "is not the same as" a new rule narrowing the elements of a crime, in that the latter "prohibit[s] *any* punishment for the conduct," while the former "prohibits *some* of that punishment." *Id.* The court nevertheless deemed "this distinction [to be] one of degree, not one of kind." *Id.* Accordingly, the court

recognized "the *Begay* rule [to be] retroactively applicable on collateral review." *Id.*

The Seventh Circuit decided *Welch* in the wake of the equally instructive *United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009), wherein the Tenth Circuit assessed the retroactivity of the Supreme Court's ACCA interpretation in *Chambers v. United States*, 555 U.S. 122 (2009). Observing that "*Chambers*' construction of the ACCA overrules our prior jurisprudence" giving broader application to the statute, the *Shipp* court placed *Chambers* in "the category of substantive decisions that 'prohibit[ ] a certain category of punishment for a class of defendants because of their status or offense.'" *Shipp*, 589 F.3d at 1090 (quoting *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997)). And, because "Mr. Shipp was sentenced as an armed career criminal to a term of incarceration that exceeds the statutory maximum for the underlying offense of conviction" — and thus "received 'a punishment that the law cannot impose upon him'" — the court "h[e]ld that the Supreme Court's construction of the ACCA in *Chambers* applies retroactively to Mr. Shipp on collateral review." *Id.* at 1090, 1091 (quoting *Schriro*, 542 U.S. at 352).

Consistent with *Welch* and *Shipp*, a 28 U.S.C. § 2255 movant would be entitled to retroactive application of the *Carachuri* rule if, for example, he received an enhanced 21 U.S.C. § 841(b)(1)(C) sentence of thirty years — ten years more than the unenhanced twenty-year maximum — premised on a prior state drug conviction that had exposed him to just six months of imprisonment. By contrast, a defendant like appellant Powell, whose pre-*Carachuri* sentence is lawful because it falls within the unenhanced statutory maximum, cannot obtain § 2255 relief. *See United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"); *see also Sun Bear v. United States*, 644 F.3d 700, 706 (8th Cir. 2011) ("[I]n sentencing, a

miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law.").**[2]**

### B.

Although *Carachuri* has substantive applications demanding to be made retroactive, the panel majority characterizes the *Carachuri* rule as purely procedural and thus deems it to be non-retroactive in all cases. *See, e.g.*, *ante* at 9 ("Because the sole innovation of *Carachuri* relates to 'the *manner of determining*' the potential punishment for an offense based on the facts disclosed by the judicial record, it is a quintessential procedural rule." (quoting *Schriro*, 542 U.S. at 353)). With all respect to my good colleagues, they are patently wrong.

That is not to say there is no procedural aspect of the *Carachuri* rule; there certainly is. *Carachuri* teaches, consistent with its precursor *United States v. Rodriquez*, 553 U.S. 377 (2008), that a court may consult only "the record of conviction" to assess whether a prior conviction actually exposed a particular defendant to a sentence exceeding one year. *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2586-87

---

**[2]**Another typical application of the *Carachuri* rule narrows the definition of a "prior felony conviction" for purposes of determining whether a defendant is a career offender under section 4B1.1 of the Sentencing Guidelines. *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012) (concluding in post-*Carachuri* and –*Simmons* direct appeal that, because defendant's prior state conviction "was not punishable by a term of imprisonment exceeding one year," it "does not qualify as a prior felony conviction for purposes of the career offender provision"). Of course, even defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on *Carachuri* to obtain § 2255 relief. *See Pregent*, 190 F.3d at 284 (explaining that, because only sentences exceeding the statutory maximum can be challenged by § 2255 motion, § 2255 "does not usually apply to errors in the application of the Sentencing Guidelines"); *cf. Sun Bear*, 644 F.3d at 704-06 (concluding that § 2255 movant who had been sentenced within statutory maximum as Guidelines career offender could not obtain relief under new *Begay* rule).

(2010). Indeed, the *Carachuri* Court understood *Rodriquez* to "h[o]ld that a recidivist finding could set the maximum term of imprisonment, but only when the finding is a part of the record of conviction." *Carachuri*, 130 S. Ct. at 2587 n.12 (internal quotation marks omitted); *see Rodriquez*, 553 U.S. at 389 ("[I]n those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense."). And this Court acknowledged and obeyed the procedural constraint of *Carachuri*, as drawn from *Rodriquez*, in our en banc decision in *Simmons*. *See Simmons*, 649 F.3d at 249 (explaining that, "because no findings of recidivism or aggravation appear in Simmons's state record of conviction, those enhancements may not be considered in determining whether Simmons's offense constitutes a 'felony drug offense' under [21 U.S.C. § 841(b)]").

Nonetheless, the cementing of *Rodriquez*'s record-of-conviction requirement is far from *Carachuri*'s "sole innovation." *See ante* at 9. As discussed above, the more momentous change wrought by *Carachuri* is the abrogation of our *Harp* decision and the consequent narrowing of the pool of prior offenders subject to, inter alia, enhanced penalties pursuant to 21 U.S.C. § 841(b) and even criminal liability under 18 U.S.C. § 922(g)(1). *See Simmons*, 649 F.3d at 241, 246 (recognizing that "*Harp* no longer remains good law," in that "*Carachuri* directly undermines the *Harp* rationale"). *Carachuri* is therefore easily distinguishable from the non-retroactive procedural rule invoked for comparison's sake by the panel majority herein. *See ante* at 9 (citing *United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001), for its holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "constitutes a procedural rule because it dictates what fact-finding procedure must be employed").

As we explained in *Sanders*, "prior to *Apprendi*, every federal circuit court considered drug quantity to be a sentencing

factor for a judge to determine based on a preponderance of the evidence." *Sanders*, 247 F.3d at 147. The Supreme Court commanded in *Apprendi*, however, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *See* 530 U.S. at 490. Applying the *Apprendi* principle and overruling its own contrary precedent, the Court specified in *Ring v. Arizona* that "a sentencing judge, sitting without a jury, [may not] find an aggravating circumstance necessary for imposition of the death penalty." *See* 536 U.S. 584, 609 (2002).

Notably, the Supreme Court then confronted the issue of *Ring*'s retroactivity in the *Schriro* decision that pervades both today's panel majority opinion and this dissent. *Schriro* determined that — because *Ring* simply "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death," without "alter[ing] the range of [death-eligible] conduct" — "*Ring*'s holding is properly classified as procedural." *See Schriro*, 542 U.S. at 353 (observing that "[r]ules that allocate decisionmaking authority in [the] fashion [of *Ring* and *Apprendi*] are prototypical procedural rules").

The *Carachuri* rule, by comparison, alters *both* the range of permissible methods for determining whether, e.g., a 21 U.S.C. § 841(a) defendant was previously convicted of a "felony drug offense" *and* the range of conduct qualifying that same defendant for an enhanced § 841(b) penalty. That is, *Carachuri* not only limits the prior conviction inquiry to the record of conviction, but also requires that the defendant himself had prior exposure to a one-year-plus sentence before any enhanced § 841(b) penalty can be imposed. In view of that latter requirement, *Carachuri* cannot fairly be categorized as a mere procedural rule. Instead, it should be recognized for what it is: a substantive rule eligible for retroactive application. *See Bousley*, 523 U.S. at 620 (emphasizing that the "distinction between substance and procedure is an important one

in the habeas context"); *cf. Welch*, 604 F.3d at 415 (deeming the *Begay* rule to be substantive rather the procedural, because "[i]t does not address the accuracy of the process afforded [a defendant]; it addresses the degree to which the Government may punish him for his violation of the law").

C.

Finally, I acknowledge that this is not a classic case of the Supreme Court's announcement of a new substantive rule, in that *Carachuri* was decided in the context of immigration — rather than criminal — proceedings. For that reason, I am necessarily hesitant to urge the recognition of *Carachuri* as a new substantive rule. To be clear, it is not that I think 28 U.S.C. § 2255 movants should be deprived of the benefit of the *Carachuri* rule because of its origins. Rather, I worry that numerous prisoners with otherwise meritorious *Carachuri* claims may have unwittingly missed the opportunity to seek relief within one year of *Carachuri* being decided. *See* 28 U.S.C. § 2255(f)(3) (specifying that "[a] 1-year period of limitation shall apply," running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

Undoubtedly, in any event, there are wrongfully convicted and illegally sentenced prisoners who, having appreciated the effects of *Carachuri*, timely filed § 2255 motions premised thereon. Justice requires that their rights be fairly adjudicated. As such, I regret that the panel majority's far-reaching retroactivity determination has foreclosed reliance on § 2255(f)(3) to assert a *Carachuri* claim. Worse, Powell's ineligibility for § 2255 relief — because he received a lawful sentence — arguably renders this appeal a flawed candidate for en banc review. I believe it inevitable, however, that more compelling cases await on the horizon, at least one of which is bound to afford us the opportunity on rehearing to properly recognize

the substantive implications of the *Carachuri* rule and resolve with finality the retroactivity issue incorrectly decided today.

## II.

For all of the foregoing reasons, I respectfully dissent from the panel majority's blanket non-retroactivity ruling, though I concur in the judgment affirming the denial of Powell's 28 U.S.C. § 2255 motion.