# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DANNY KEITH THOMAS,

*Defendant-Appellant.*

No. 08-8436

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(5:05-cr-00205-RLV-DCK-1; 5:08-cv-00116-RLV)

Argued: September 24, 2010

Decided: December 29, 2010

Before TRAXLER, Chief Judge, KING, Circuit Judge,
and Jerome B. FRIEDMAN, Senior United States District
Judge for the Eastern District of Virginia,
sitting by designation.

Vacated and remanded by published opinion. Chief Judge
Traxler wrote the opinion, in which Judge King and Senior
Judge Friedman joined.

**COUNSEL**

**ARGUED**: John Byron, WAKE FOREST UNIVERSITY, School of Law, Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** John J. Korzen, Director, Caroline B. Payseur, WAKE FOREST UNIVERSITY, School of Law, Appellate Advocacy Clinic, Winston-Salem, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

---

**OPINION**

TRAXLER, Chief Judge:

Danny Keith Thomas appeals an order of the district court dismissing as untimely his *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C.A. § 2255 (West Supp. 2010). For the following reasons, we vacate the district court's order and remand the motion for further proceedings.

I.

On November 7, 2005, Thomas pleaded guilty pursuant to a plea agreement to attempted possession of methamphetamine, in violation of 21 U.S.C.A. §§ 841(a)(1) and (b)(1)(C) (West 1999 & Supp. 2010), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2010). He was sentenced to 30 months imprisonment on the methamphetamine charge, and 60 months imprisonment on the firearm charge, to be served consecutively. Judgment was entered on August 30, 2006, and no appeal was taken.

On October 10, 2008, Thomas filed a *pro se* motion under 28 U.S.C.A. § 2255, seeking to vacate his § 924(c) firearm

conviction and correct his sentence. Thomas acknowledged that the motion would be barred under the general one-year limitations period of § 2255, *see* 28 U.S.C.A. § 2255(f)(1), but asserted that his motion was timely under the alternative limitations period set forth in 28 U.S.C.A. § 2255(f)(3), because he was filing it within one year of the Supreme Court's decision in *Watson v. United States*, which held that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." 552 U.S. 74, 83 (2007).

Prior to receiving a response from the government, the district court dismissed the petition as untimely under § 2255(f)(1) and rejected Thomas's claim that his motion was timely under § 2255(f)(3). The district court held that *Watson* did not announce a new rule of constitutional law and, in any event, the Supreme Court had not made the holding in *Watson* retroactively applicable to cases on collateral review. We subsequently appointed counsel to represent Thomas and granted a certificate of appealability to consider the issue of whether *Watson* announced a new rule of law that applies retroactively to cases on collateral review for purposes of § 2255(f)(3).

On appeal, the government agrees with Thomas that the Supreme Court recognized a new rule in *Watson* and that it is retroactively applicable to cases on collateral review. However, the government contends that we should affirm the district court's decision because Thomas procedurally defaulted his *Watson* claim by failing to raise it on direct appeal and cannot establish cause and prejudice, or actual innocence, to excuse his default.

## II.

### A.

Under 28 U.S.C.A. § 2255, federal prisoners "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

States" may move the district "court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255(a). Section 2255(f) imposes a one-year limitations period upon the filing of § 2255 motions, which usually runs from "the date on which the judgment of conviction becomes final." 28 U.S.C.A. § 2255(f)(1). Section 2255(f)(3), however, provides that the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255(f)(3).

Although acknowledging that his § 2255 motion would be untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final, Thomas asserts that his § 2255 motion is timely under § 2255(f)(3), because it was filed within one year of the Supreme Court's decision in *Watson*, *see Dodd v. United States*, 545 U.S. 353, 357-58 (2005) (holding that the one-year limitations period runs "from the date on which the right . . . was initially recognized by th[e] [Supreme] Court"), which he also contends we should apply retroactively to his motion. The government agrees. However, the district court rejected the claim, apparently of the view that a prisoner may not take advantage of § 2255(f)(3) unless the *Supreme Court* has made a new rule of constitutional law retroactively applicable to cases on collateral review.

In *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), we "assume[d], without deciding, that a circuit court can declare a new rule retroactive on collateral review in an initial § 2255 petition." *Id.* at 146 n.4. In doing so, we noted the contrast in the statutory language governing retroactivity for purposes of § 2255(f)(3) and the statutory language governing retroactivity for the purposes of filing a "second or successive" motion in § 2255(h). *Id.* Unlike in the former, which references a "*right [that] has been newly recognized by the*

*Supreme Court and made retroactively applicable to cases on collateral review*," 28 U.S.C.A. § 2255(f)(3) (emphasis added), the latter specifically provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable," 28 U.S.C.A. § 2255(h)(2) (emphasis added).[1] We also noted, however, that "the language of subsection [(f)](3) can also be read to require the Supreme Court to make the decision on retroactivity before a petitioner may file an initial § 2255 motion." *Sanders*, 247 F.3d at 146 n.4; *but see Dodd*, 545 U.S. at 365-366 n.4 (Stevens, J., dissenting) (noting but disagreeing with the assumption made by the majority in *Dodd* and "every Circuit to have addressed the issue," "that the decision to make a new rule retroactive for purposes of this section can be made by any lower court," rather than "*only* [by] the *Supreme Court*" (first emphasis added)).

We now join those circuits that have considered the issue and hold that § 2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative *only* by the Supreme Court. *See Wiegand v. United States*, 380 F.3d 890, 892 (6th Cir. 2004) (holding that "any federal court can make the retroactivity decision" for purposes of § 2255(f)(3)); *Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) (noting that "every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255[(f)](3)"), *aff'd* 545 U.S. 353

---

[1]*See In re Vial*, 115 F.3d 1192, 1197 (4th Cir. 1997) (noting that, for purposes of filing a successive § 2255 motion, "a new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding"); *cf. Tyler v. Cain*, 533 U.S. 656, 662 (2001) (interpreting phrasing in § 2244(b)(2)(A) that is nearly identical to § 2255(h) as requiring that the Supreme Court make the initial retroactivity determination).

(2005); *United States v. Swinton*, 333 F.3d 481, 486, 487 (3d Cir. 2003) (concluding that "the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions" and that this "may be essential to put the question before the Supreme Court for final resolution"); *Fischer v. United States*, 285 F.3d 596, 599-600 (7th Cir. 2002) (noting that "district and appellate courts, no less than the Supreme Court, may issue opinions holding that a decision applies retroactively to cases on collateral review" (internal quotation marks and alteration omitted)); *United States v. Lopez*, 248 F.3d 427, 432 (5th Cir. 2001) (holding that section 2255(f)(3) "does not require that the retroactivity determination must be made by the Supreme Court itself").

## B.

Having determined that § 2255(f)(3) allows us to make the initial determination of retroactivity, we turn to the question of whether the decision in *Watson* announced a new rule of law that applies retroactively to cases on collateral review.

Generally speaking, when the Supreme Court announces "a 'new rule,' that rule applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). Where a conviction is "already final, however, the rule applies only in limited circumstances." *Schriro*, 542 U.S. at 351. New procedural rules apply retroactively to cases on collateral review only if they fall within the "small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352 (internal quotation marks omitted); *see also Saffle v. Parks*, 494 U.S. 484, 495 (1990). This is because such rules "regulate only the *manner of determining* the defendant's culpability." *Schriro*, 542 U.S. at 353. "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use

of the invalidated procedure might have been acquitted otherwise." *Id.* at 352.

"New *substantive* rules," in contrast, "generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* at 351-52 (citation omitted); *see also Saffle*, 494 U.S. at 495 (noting that rules that "decriminalize a class of conduct [or] prohibit the imposition of [certain] punishment on a particular class of persons" are substantive in nature). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353. "Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352 (internal quotation marks omitted).

Under 18 U.S.C.A. § 924(c)(1)(A)(i), "any person who, during and in relation to a crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years." *Id.*

In *Smith v. United States*, the Supreme Court held that a person "uses" a firearm under § 924(c)(1)(A) when he trades his firearm for drugs. 508 U.S. 223, 237 (1993). The firearm is being "used" for purposes of the statute, under the plain meaning of that term, when a defendant uses it "as an item of barter or commerce" to purchase drugs. *Id.* In *Watson*, however, the Supreme Court distinguished *Smith* and reached a different result for the converse situation, holding that "a person does *not* 'use' a firearm under § 924(c)(1)(A) when he

*receives* it in trade for drugs." *Watson*, 552 U.S. at 83 (emphasis added).

The district court held that the Supreme Court in *Watson* did not announce a new rule of constitutional law for purposes of § 2255(f)(3) because it merely interpreted the meaning of the term "use" in § 924(c)(1)(A). This is true. However, § 2255(f)(3) requires only that the Supreme Court initially recognize the claimed new "right to be released upon the ground that the sentence was imposed in violation of the Constitution *or* laws of the United States." 28 U.S.C.A. § 2255(a) (emphasis added). Furthermore, the Supreme Court in *Watson* plainly interpreted the term "use" in such a way as to "narrow [its] scope" and, in doing so, "place[d] particular conduct . . . beyond the [government's] power to punish" under § 924(c)(1)(A). *Schriro*, 542 U.S. at 351-52. Thus, the rule announced by the *Watson* Court effectively "decriminalize[d]," for purposes of the "use" prong of § 924(c), "a class of conduct." *Saffle*, 494 U.S. at 495. A defendant may not be convicted of *using* a firearm in furtherance of a drug trafficking offense under § 924(c) if he merely receives the gun in exchange for drugs. *See Watson*, 552 U.S. at 83. And, because this conduct is beyond the scope of § 924(c)(1)(A), a defendant convicted under such facts would "stand[ ] convicted of an act that the law does not make criminal" and serve "a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352 (internal quotation marks omitted). Accordingly, we hold that the right announced in *Watson* is a new substantive right which must be applied retroactively to cases on collateral review for purposes of § 2255(f)(3).

## III.

We turn now to the government's claim that we should nevertheless affirm the district court's dismissal of the § 2255 motion on the basis of procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on

direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." (citations and internal quotation marks omitted)). Specifically, the government asserts that Thomas cannot demonstrate "cause" for the default because the legal basis for a *Watson*-type claim was recognized and available at the time Thomas could have noticed a direct appeal. The government also asserts that Thomas cannot demonstrate prejudice or actual innocence (1) because Thomas pled guilty to the "possession" prong and not the "use" prong of § 924(c), rendering *Watson* inapplicable to his case, and (2) in any event, because Thomas did not trade drugs for the firearm (which might entitle him to take advantage of *Watson*'s interpretation of the "use" provision), but rather was convicted based upon his intent to trade a firearm for drugs (which remains punishable under the "use" prong pursuant to its interpretation in both *Smith* and *Watson*).[2]

Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is enti-

---

[2]Between the decisions in *Smith* and *Watson*, the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), also interpreting the "use" provision of § 924(c) and holding that a defendant does not "use" a firearm during and in relation to a drug-trafficking activity unless he actively employs the firearm. *See id.* at 147-51. In response, Congress amended § 924(c) to also criminalize possession of a firearm in furtherance of drug trafficking crimes. *See Watson*, 552 U.S. at 83. In *Watson*, the Supreme Court declined to reach the question of whether a defendant "possesses" a firearm in furtherance of a drug trafficking crime when he receives a firearm in exchange for drugs. *See id.*; *see also United States v. Jenkins*, 566 F.3d 160, 162 n.1 (4th Cir. 2009) (noting that *Watson* addressed only the meaning of the phrase "uses" a firearm in 18 U.S.C.A. § 924(c), and not possession of a firearm). However, in a recent decision, we followed those circuit courts that have addressed the issue since *Watson* and held that drugs-for-firearms trades do fall within § 924(c)'s possession prong. *See United States v. Robinson*, No. 09-4276, 2010 WL 4869770, ___ F.3d ___ (4th Cir. 2010); *see also United States v. Gurka*, 605 F.3d 40, 41 (1st Cir. 2010); *United States v. Gardner*, 602 F.3d 97, 103 (2d Cir. 2010); *United States v. Doody*, 600 F.3d 752, 754-55 (7th Cir. 2010); *United States v. Mahan*, 586 F.3d 1185, 1189 (9th Cir. 2009).

tled to no relief," the court must grant a prompt hearing to "determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* So far as they go, the records in this case indicate that Thomas was charged in the indictment with "knowingly and unlawfully us[ing] and carry-[ing] a firearm" in furtherance of the drug trafficking crime *and* with "possess[ing] said firearm," in violation of 18 U.S.C.A. § 924(c). S.J.A. 2. It appears that Thomas agreed in the Plea Agreement to enter a voluntary plea of guilty to "*attempted* possession of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and *possession* of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)." S.J.A. 3 (emphasis added). However, the judgment of conviction relates the offense of conviction as "[u]sing and carrying a firearm during and in relation to a drug trafficking crime," in violation of § 924(c). S.J.A. 15.

Thomas's *pro se* § 2255 motion does little to enlighten us about the details of Thomas's plea or the merits of the specific claim he intended to raise in his § 2255 motion. Thomas's reliance upon *Watson* for purposes of § 2255(f)(3) suggests he intends to claim that he only pleaded guilty to "using" a firearm, and that he traded drugs for the firearm in question. However, Thomas only summarily contends that the firearm in question "was not in 'use' as a firearm 'during and in relation to . . . a drug trafficking crime' for purposes of . . . § 924(c)(1)(A)," J.A. 12, and he often appears to rely more upon *Bailey v. United States*, 516 U.S. 137 (1995), and the Supreme Court's decision in *Smith*, as authority for his claim that the 924(c) conviction should be invalidated. We also note that, in his affidavit accompanying the *pro se* § 2255 motion, Thomas avers that the "firearm . . . *was being used* to purchase an illegal substance and represented merely a 'medium of exchange.'" J.A. 14. And the Presentence Report states that "Thomas admitted that he intended to trade the assault-type SKS 7.62 caliber rifle to [his methamphetamine supplier] in exchange for 3.5 grams of methamphetamine." S.J.A. 23. However, we do not have either the plea or sentencing tran-

scripts which might be available and of benefit to either Thomas or the government regarding the precise nature of the claim and whether Thomas can even take advantage of *Watson* at all.

To conclude, because Thomas's filings in the district court were *pro se* and the district court dismissed the § 2255 motion as untimely without obtaining a response from the government, the factual basis of Thomas's precise claim is not entirely clear from the motion. Indeed, Thomas's claim may not even encompass an argument that he only pled guilty to "use" of the firearm and that he merely received the firearm in trade for methamphetamine. Under the circumstances, we think the better course is to simply vacate the district court's decision denying the motion as untimely and remand the matter to the district court for further consideration of the claim and the parties' respective arguments.

## IV.

For the foregoing reasons, we vacate the district court's order dismissing Thomas's § 2255 motion and remand to the district court for further proceedings in accordance with this decision.

*VACATED AND REMANDED*