**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4647**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RUSHAUN NECKO PARKER, a/k/a Duke, a/k/a Rushuan Nekoe
Parker, a/k/a Rushuan Nikoe Parker,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Malcolm J. Howard,
Senior District Judge.  (7:10-cr-00011-H-1)

_____

Submitted:  January 27, 2012      Decided:  February 14, 2012

_____

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Robert W. Waddell, THE WADDELL LAW FIRM PLLC, Greenville, North
Carolina, for Appellant.  Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rushaun Necko Parker was convicted following a jury trial of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006); distribution of fifty grams or more of cocaine base; distribution of more than five grams but less than fifty grams of cocaine base; possession with intent to distribute fifty grams or more of cocaine base; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2006); and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (h) (2006). Based on findings that Parker had been convicted of one felony drug offense and one violent felony, the district court applied the enhanced punishments under 21 U.S.C. § 841(b)(1)(A-C), determined that Parker was a career offender under the U.S. Sentencing Guidelines Manual § 4B1.1 ("USSG"), and sentenced Parker to a total term of 420 months of imprisonment.

On appeal Parker argues that neither of the prior North Carolina convictions are punishable by imprisonment for a term exceeding one year, and therefore are not predicates for the purposes of the § 922(g)(1) conviction, for the purposes of the statutory sentencing enhancements, 21 U.S.C. §§ 802(44),

2

841, or for the purposes of calculating his sentencing guidelines.[1] USSG § 4B1.2(a). The United States has filed an unopposed motion to remand, conceding that Parker's conviction for possessing a firearm after a felony conviction is no longer sustainable, that the statutory penalty enhancements should not apply, and that Parker is not a career offender. We reverse Parker's § 922(g)(1) conviction, affirm the remaining convictions, vacate Parker's sentence and remand.

Parker's § 922(g)(1) conviction and his sentences were based on two prior North Carolina convictions, one for possession with intent to sell and deliver cocaine and one for fleeing to elude arrest, with two aggravating factors ("the North Carolina convictions"). Parker was charged, convicted, and sentenced consistent with this court's decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005), which allowed courts to consider a hypothetical North Carolina defendant with the worst possible criminal record in determining whether the underlying crime was punishable by a term of imprisonment greater than one year. Because a North Carolina

---

[1] Parker's conclusory assertion in a footnote of his brief that the evidence was insufficient to sustain his § 924(c) conviction does not comply with the rules governing briefing on appeal. Fed. R. App. P. 28(a)(5), (a)(9)(a). This argument is therefore not properly before the Court, and will not be considered. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

court faced with a defendant with the worst possible criminal history could have imposed a sentence of greater than one year, Parker's prior convictions constituted felonies under the reasoning in Harp.

This court recently overruled Harp. United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011) (en banc). We held that, when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the Controlled Substance Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the defendant in question could have received, not the sentence that could have been imposed on a defendant with a more severe criminal history or subject to an aggravated sentence. Id. at 243-45. The reasoning in Simmons applies with equal force to predicate convictions used to establish mandatory minimums at sentencing, advisory Guidelines ranges, and § 922(g)(1) offenses. The Government concedes, and the record supports a conclusion that, under Simmons, Parker's prior North Carolina convictions were not punishable by more than one year of imprisonment. Parker has no other prior convictions that were punishable by more than one year of imprisonment. Thus, his conviction as a felon in possession of a firearm is invalid, as is his sentence as a career offender.

4

We therefore grant the Government's motion, reverse Parker's § 922(g)(1) conviction, affirm his remaining convictions, vacate his sentence, and remand this case to the district court for further proceedings.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[2] We of course fault neither the Government nor the district court for relying on, and applying, unambiguous circuit authority at the time of Parker's prosecution and sentencing.