KING, Circuit Judge,
dissenting in part and concurring in the judgment in part:
Under the panel majority’s blanket nonretroactivity ruling, relief is unattainable under 28 U.S.C. § 2255(f)(3) even by a movant who — as we now know from the Supreme Court’s decision in CarachuriRosendo v. Holder, — U.S. -, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) — was wrongfully convicted of being an 18 U.S.C. § 922(g)(1) felon in possession of a firearm. The majority so decides by construing Carachuri to announce a mere procedural, rather than a substantive, rule. Because I strongly disagree with the majority’s analysis, I am compelled to dissent. But because this is not a case in which relief is otherwise available, I concur in the judgment affirming the district court’s denial of appellant Troy Powell’s § 2255 motion.
I.
A.
Critically, the Carachuri rule has numerous applications, including usages “that narrow the scope of a criminal statute by interpreting its terms,” and thereby “alter[ ] the range of conduct or the class of persons that the law punishes.” See Schriro v. Summerlin, 542 U.S. 348, 351, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). For example, applying the Carachuri rule, the enhanced 21 U.S.C. § 841(b) penalties premised on prior “felony drug offense” convictions are imposable only on defendants whose previous convictions actually exposed them to imprisonment for more than one year. See United States v. Simmons, 649 F.3d 237, 243-45 (4th Cir.2011) (en banc). And, solely those prior offenders who actually faced one-year-plus sentences are prosecutable under 18 U.S.C. § 922(g)(1) for being felons in possession of a firearm. See, e.g., United States v. Parker, 465 Fed.Appx. 283, 284-85 (4th Cir.2012) (citing Simmons, 649 F.3d at 243-45). Until Carachuri, however, enhanced 21 U.S.C. § 841(b) penalties and 18 U.S.C. § 922(g)(1) criminal liability were afforded a much broader sweep, extending to prior offenders whose convictions would have qualified a hypothetical “defendant with the worst possible criminal history” for a sentence above one year. See United States v. Harp, 406 F.3d 242, 246 (4th Cir.2005).
As such, Carachuri revealed that many defendants whose cases were adjudicated under the old Harp regime were “convicted of an act that the law does not make criminal or [received] a punishment that the law cannot impose upon [them].” See Schriro, 542 U.S. at 352, 124 S.Ct. 2519 (internal quotation marks omitted). The only proper conclusion for our Court to reach, then, is that Carachuri resulted in a “[n]ew substantive rule[ ]” retroactively applicable to qualifying cases on collateral review. See id. at 351, 124 S.Ct. 2519; see also United States v. Thomas, 627 F.3d 534, 536 (4th Cir.2010) (recognizing that 28 U.S.C. § 2255(f)(3) “does not require that the initial retroactivity question be decided in the affirmative only by the Supreme Court”).
*561 l.
The substantive nature of the Carachuri rule is perhaps most readily apparent in the context of 18 U.S.C. § 922(g)(1) (criminalizing firearm possession by a convicted felon, i.e., “any person ... who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year”). Because it narrows the definition of a convicted felon under § 922(g)(1) — from Harp’s any prior offender whose conviction would have qualified a hypothetical recidivist for more than one year of imprisonment, to only those prior offenders who actually faced such a sentence — Carachuri proclaimed “a new substantive right which must be applied retroactively to cases on collateral review for purposes of [28 U.S.C.] § 2255(f)(3).” See Thomas, 627 F.3d at 538 (relying on Schriro v. Summerlin, 542 U.S. at 351-52, 124 S.Ct. 2519; Saffle v. Parks, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)).
Our Thomas decision is illustrative. There, we were called on to decide the retroactivity of the rule announced in Watson v. United States, 552 U.S. 74, 83, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007) (holding that “a person does not ‘use’ a firearm under [18 U.S.C.] § 924(c)(1)(A) when he receives it in trade for drugs”). In deeming the Watson rule to be substantive and thus retroactive, Chief Judge Traxler explained that
the Supreme Court in Watson plainly interpreted the term “use” in such a way as to “narrow [its] scope” and, in doing so, “place[d] particular conduct ... beyond the [government’s] power to punish” under § 924(c)(1)(A). Schriro, 542 U.S. at 351-52, 124 S.Ct. 2519. Thus, the rule announced by the Watson Court effectively “decriminalize[d],” for purposes of the “use” prong of § 924(c), “a class of conduct.” Saffle, 494 U.S. at 495, 110 S.Ct. 1257. A defendant may not be convicted of using a firearm in furtherance of a drug trafficking offense under § 924(c) if he merely receives the gun in exchange for drugs. See Watson, 552 U.S. at 83, 128 S.Ct. 579. And, because this conduct is beyond the scope of § 924(c)(1)(A), a defendant convicted under such facts would “stand[ ] convicted of an act that the law does not make criminal” and serve “a punishment that the law cannot impose upon him.” Schriro, 542 U.S. at 352, 124 S.Ct. 2519 (internal quotation marks omitted). Accordingly, we hold that the right announced in Watson is a new substantive right which must be applied retroactively to cases on collateral review.
Thomas, 627 F.3d at 538 (alterations in original).
Here, quite similarly, the Carachuri Court’s definition of a convicted felon served to “narrow [its] scope” and “place[d] particular conduct or persons covered by the statute beyond the [government’s] power to punish” under § 922(g)(1). See Schriro, 542 U.S. at 351-52, 124 S.Ct. 2519. As such, the Carachuri rule effectively “decriminalize[d] a class of conduct [or] prohibit[ed] the imposition of [certain] punishment on a particular class of persons.” See Saffle, 494 U.S. at 495, 110 S.Ct. 1257. Under the Carachuri rule, a prior offender who was never exposed to a one-year-plus sentence is not a convicted felon barred by § 922(g)(1) from possessing a firearm. Thus, any such pri- or offender subjected to criminal liability under § 922(g)(1) would “stand[] convicted of an act that the law does not make criminal” and serve “a punishment that the law cannot impose upon him.” See Schriro, 542 U.S. at 352,124 S.Ct. 2519 (internal quotation marks omitted). In these circumstances, as in Thomas, we are obliged to recognize the new rule as substantive and give it retroactive effect. Accord Bousley v. United States, 523 U.S. 614, *562 620-21, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (recognizing substantive nature and retroactivity of rule announced in Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that 18 U.S.C. § 924(c)(1)’s “use” prong required the government to show “active employment of the firearm”).
2.
The retroactivity analysis in the context of enhanced 21 U.S.C. § 841(b) sentences is a bit more complex, but, at least in part, reaches the same result. Significantly, § 841(b) contains multiple provisions mandating an enhanced sentence for a defendant with a previous “felony drug offense” conviction. Subsection (b)(1)(A), under which appellant Powell was sentenced, increases the mandatory minimum sentence from ten to twenty years, but retains the same maximum sentence of life. All enhanced § 841(b)(1)(A) sentences are therefore within the unenhanced statutory maximum.[1]
The same cannot be said, however, for other enhanced § 841(b) sentences. Aside from that found in subsection (b)(1)(A), every subsection (b) enhancement for a prior “felony drug offense” conviction allows for a sentence greater than the unenhanced statutory maximum. See § 841(b)(1)(B) (specifying unenhanced range of five to forty years and enhanced range of ten years to life); § 841(b)(1)(C) (authorizing unenhanced sentence up to twenty years and enhanced sentence up to thirty years); § 841(b)(1)(D) (unenhanced sentence up to five years and enhanced sentence up to ten years); § 841(b)(l)(E)(i)-(ii) (unenhanced sentence up to ten years and enhanced sentence up to twenty years); § 841(b)(2) (unenhanced sentence up to five years and enhanced sentence up to ten years); § 841(b)(3) (unenhanced sentence up to one year and enhanced sentence up to four years).
For those defendants who, pursuant to our now-abrogated Harp decision, were inevitably meted out enhanced § 841(b) sentences exceeding the unenhanced statutory maximum, Carachuri constitutes a retroactively applicable substantive rule. To understand why, it is helpful to look to the cogent analysis of Welch v. United States, 604 F.3d 408 (7th Cir.2010). There, the Seventh Circuit had to decide the retroactivity of the rule announced in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), delineating what it means to have a prior “violent felony” conviction for purposes of an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the “ACCA”).
The Welch court depicted the question before it — in words that could be used to describe the 21 U.S.C. § 841(b) issue here — as being “whether a statutory rule defining the scope of a sentencing enhancement that increases the maximum allowable statutory sentence on the basis of a prior conviction is properly classified as substantive.” 604 F.3d at 415. Easily answering in the affirmative, and invoking Supreme Court precedent such as Schriro, the court explained:
In essence, Begay narrowed substantially Mr. Welch’s exposure to a sentence of imprisonment. Without the ACCA enhancement, Mr. Welch faced a statutory maximum of 10 years’ imprisonment. *563 With the ACCA enhancement, Mr. Welch faced a statutory minimum of 15 years’ imprisonment. In short, the application of the ACCA imposed, at a minimum, five years of imprisonment that the law otherwise could not impose upon him under his statute of conviction. Such an increase in punishment is certainly a substantive liability.
Welch, 604 F.3d at 415. The Welch court noted that the Begay rule “is not the same as” a new rule narrowing the elements of a crime, in that the latter “prohibit[s] any punishment for the conduct,” while the former “prohibits some of that punishment.” Id. The court nevertheless deemed “this distinction [to be] one of degree, not one of kind.” Id. Accordingly, the court recognized “the Begay rule [to be] retroactively applicable on collateral review.” Id.
The Seventh Circuit decided Welch in the wake of the equally instructive United States v. Shipp, 589 F.3d 1084 (10th Cir.2009), wherein the Tenth Circuit assessed the retroactivity of the Supreme Court’s ACCA interpretation in Chambers v. United States, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009). Observing that “Chambers’ construction of the ACCA overrules our prior jurisprudence” giving broader application to the statute, the Shipp court placed Chambers in “the category of substantive decisions that ‘prohibit[ ] a certain category of punishment for a class of defendants because of their status or offense.’ ” Shipp, 589 F.3d at 1090 (quoting O’Dell v. Netherland, 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997)). And, because “Mr. Shipp was sentenced as an armed career criminal to a term of incarceration that exceeds the statutory maximum for the underlying offense of conviction” — and thus “received ‘a punishment that the law cannot impose upon him’ ” — the court “h[e]ld that the Supreme Court’s construction of the ACCA in Chambers applies retroactively to Mr. Shipp on collateral review.” Id. at 1090, 1091 (quoting Schriro, 542 U.S. at 352, 124 S.Ct. 2519).
Consistent with Welch and Shipp, a 28 U.S.C. § 2255 movant would be entitled to retroactive application of the Carachuri rule if, for example, he received an enhanced 21 U.S.C. § 841(b)(1)(C) sentence of thirty years — ten years more than the unenhanced twenty-year maximum — premised on a prior state drug conviction that had exposed him to just six months of imprisonment. By contrast, a defendant like appellant Powell, whose pre-Carachuri sentence is lawful because it falls within the unenhanced statutory maximum, cannot obtain § 2255 relief. See United States v. Pregent, 190 F.3d 279, 284 (4th Cir.1999) (“Section 2255 provides relief for cases in which ‘the sentence was in excess of the maximum authorized by law.’ ”); see also Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir.2011) (“[I]n sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law.”).[2]
*564 B.
Although Carachuri has substantive applications demanding to be made retroactive, the panel majority characterizes the Carachuri rule as purely procedural and thus deems it to be non-retroactive in all cases. See, e.g., ante at 559 (“Because the sole innovation of Carachuri relates to ‘the manner of determining ’ the potential punishment for an offense based on the facts disclosed by the judicial record, it is a quintessential procedural rule.” (quoting Schriro, 542 U.S. at 353, 124 S.Ct. 2519)). With all respect to my good colleagues, they are patently wrong.
That is not to say there is no procedural aspect of the Carachuri rule; there certainly is. Carachuri teaches, consistent with its precursor United States v. Rodriquez, 553 U.S. 377, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008), that a court may consult only “the record of conviction” to assess whether a prior conviction actually exposed a particular defendant to a sentence exceeding one year. See Carachuri-Rosendo v. Holder, — U.S.-, 130 S.Ct. 2577, 2586-87, 177 L.Ed.2d 68 (2010). Indeed, the Carachuri Court understood Rodriquez to “h[o]ld that a recidivist finding could set the maximum term of imprisonment, but only when the finding is a part of the record of conviction.” Carachuri, 130 S.Ct. at 2587 n. 12 (internal quotation marks omitted); see Rodriquez, 553 U.S. at 389, 128 S.Ct. 1783 (“[I]n those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense.”). And this Court acknowledged and obeyed the procedural constraint of Carachuri, as drawn from Rodriquez, in our en banc decision in Simmons. See Simmons, 649 F.3d at 249 (explaining that, “because no findings of recidivism or aggravation appear in Simmons’s state record of conviction, those enhancements may not be considered in determining whether Simmons’s offense constitutes a ‘felony drug offense’ under [21 U.S.C. § 841(b) ]”).
Nonetheless, the cementing of Rodriquez ’s record-of-conviction requirement is far firom Carachuri’s “sole innovation.” See ante at 559. As discussed above, the more momentous change wrought by Carachuri is the abrogation of our Harp decision and the consequent narrowing of the pool of prior offenders subject to, inter alia, enhanced penalties pursuant to 21 U.S.C. § 841(b) and even criminal liability under 18 U.S.C. § 922(g)(1). See Simmons, 649 F.3d at 241, 246 (recognizing that “Harp no longer remains good law,” in that “Carachuri directly undermines the Harp rationale”). Carachuri is therefore easily distinguishable from the non-retroactive procedural rule invoked for comparison’s sake by the panel majority herein. See ante at 559 (citing United States v. Sanders, 247 F.3d 139, 147 (4th Cir.2001), for its holding that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), “constitutes a procedural rule because it dictates what fact-finding procedure must be employed”).
As we explained in Sanders, “prior to Apprendi, every federal circuit court considered drug quantity to be a sentencing factor for a judge to determine based on a preponderance of the evidence.” Sanders, 247 F.3d at 147. The Supreme Court commanded in Apprendi, however, that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved *565 beyond a reasonable doubt.” See 530 U.S. at 490, 120 S.Ct. 2348. Applying the Apprendi principle and overruling its own contrary precedent, the Court specified in Ring v. Arizona that “a sentencing judge, sitting without a jury, [may not] find an aggravating circumstance necessary for imposition of the death penalty.” See 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).
Notably, the Supreme Court then confronted the issue of Ring’s retroactivity in the Schriro decision that pervades both today’s panel majority opinion and this dissent. Schriro determined that — because Ring simply “altered the range of permissible methods for determining whether a defendant’s conduct is punishable by death,” without “altering] the range of [death-eligible] conduct”— “Ring’s holding is properly classified as procedural.” See Schriro, 542 U.S. at 353, 124 S.Ct. 2519 (observing that “[r]ules that allocate decisionmaking authority in [the] fashion [of Ring and Apprendi ] are prototypical procedural rules”).
The Carachuri rule, by comparison, alters both the range of permissible methods for determining whether, e.g., a 21 U.S.C. § 841(a) defendant was previously convicted of a “felony drug offense” and the range of conduct qualifying that same defendant for an enhanced § 841(b) penalty. That is, Carachuri not only limits the prior conviction inquiry to the record of conviction, but also requires that the defendant himself had prior exposure to a one-year-plus sentence before any enhanced § 841(b) penalty can be imposed. In view of that latter requirement, Carachuri cannot fairly be categorized as a mere procedural rule. Instead, it should be recognized for what it is: a substantive rule eligible for retroactive application. See Bousley, 523 U.S. at 620, 118 S.Ct. 1604 (emphasizing that the “distinction between substance and procedure is an important one in the habeas context”); cf. Welch, 604 F.3d at 415 (deeming the Begay rule to be substantive rather the procedural, because “[i]t does not address the accuracy of the process afforded [a defendant]; it addresses the degree to which the Government may punish him for his violation of the law”).
C.
Finally, I acknowledge that this is not a classic case of the Supreme Court’s announcement of a new substantive rule, in that Carachuri was decided in the context of immigration — rather than criminal— proceedings. For that reason, I am necessarily hesitant to urge the recognition of Carachuri as a new substantive rule. To be clear, it is not that I think 28 U.S.C. § 2255 movants should be deprived of the benefit of the Carachuri rule because of its origins. Rather, I worry that numerous prisoners with otherwise meritorious Carachuri claims may have unwittingly missed the opportunity to seek relief within one year of Carachuri being decided. See 28 U.S.C. § 2255(f)(3) (specifying that “[a] 1-year period of limitation shall apply,” running from “the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review”).
Undoubtedly, in any event, there are wrongfully convicted and illegally sentenced prisoners who, having appreciated the effects of Carachuri, timely filed § 2255 motions premised thereon. Justice requires that their rights be fairly adjudicated. As such, I regret that the panel majority’s far-reaching retroactivity determination has foreclosed reliance on § 2255(f)(3) to assert a Carachuri claim. Worse, Powell’s ineligibility for § 2255 relief — because he received a lawful sen *566 tence — arguably renders this appeal a flawed candidate for en banc review. I believe it inevitable, however, that more compelling cases await on the horizon, at least one of which is bound to afford us the opportunity on rehearing to properly recognize the substantive implications of the Carachuri rule and resolve with finality the retroactivity issue incorrectly decided today.
II.
For all of the foregoing reasons, I respectfully dissent from the panel majority’s blanket non-retroactivity ruling, though I concur in the judgment affirming the denial of Powell’s 28 U.S.C. § 2255 motion.

. As a case in point, Powell received § 841(b)(l)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum — -as any such enhanced subsection (b)(1)(A) sentence would necessarily be.

. Another typical application of the Carachuri rule narrows the definition of a "prior felony conviction” for purposes of determining whether a defendant is a career offender under section 4B1.1 of the Sentencing Guidelines. See United States v. Jones, 667 F.3d 477, 486 (4th Cir.2012) (concluding in postCarachuri and-Simmons direct appeal that, because defendant’s prior state conviction "was not punishable by a term of imprisonment exceeding one year,” it "does not qualify as a prior felony conviction for purposes of the career offender provision”). Of course, even defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on Carachuri to obtain § 2255 relief. See Pregent, 190 F.3d at 284 (explaining that, because only sentences exceeding the statutory maximum can be challenged by § 2255 motion, § 2255 "does not usually apply to errors in the application of the Sentencing Guidelines”); cf. Sun Bear, *564 644 F.3d at 704-06 (concluding that § 2255 movant who had been sentenced within statutory maximum as Guidelines career offender could not obtain relief under new Begay rule).