**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4030**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RUSHAUN NECKO PARKER, a/k/a Duke, a/k/a Rushuan Nekoe
Parker, a/k/a Rushuan Nikoe Parker,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. Malcolm J. Howard,
Senior District Judge. (7:10-cr-00011-H-1)

———————

Submitted: January 14, 2014     Decided: February 11, 2014

———————

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed and remanded by unpublished per curiam opinion.

———————

Charles R. Brewer, Asheville, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, Jennifer P. May-
Parker, Kristine L. Fritz, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rushaun Necko Parker appeals the 384-month sentence imposed by the district court after his initial sentence was vacated pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In our prior opinion, we granted the Government's motion to remand for resentencing, reversed Parker's conviction under 18 U.S.C. § 922(g) (2012), affirmed his other convictions, vacated the sentence, and remanded to the district court. United States v. Parker, 465 F. App'x 283 (4th Cir. 2012) (No. 11-4647).

On remand, the probation officer issued a memorandum to the district court that described the changes to Parker's Guidelines range as a result of Simmons and this court's remand. Parker's offense level was unaffected because it was calculated based on drug quantity, but his criminal history category was lowered to IV from VI because he was no longer a career offender. The sentencing range for Counts One, Two, and Four, based on a total offense level of thirty-eight and criminal history category IV, was 324 to 405 months of imprisonment. The probation officer also noted the revised statutory imprisonment ranges effected by the FSA, which capped the sentence for Counts One, Two, and Five at 480 months and for Count Three at 240 months. Count Six required a consecutive sixty-month term of

imprisonment, and Count Seven carried a statutory maximum of 240 months.  (J.A. 117-18).

At the resentencing hearing, the district court stated the revised sentencing ranges and other changes to the sentencing parameters that occurred since Parker's first sentencing.  The court briefly summarized the facts of the case and stated that it was considering a sentence at the lower end of the revised Guidelines range.  When the court solicited argument from counsel as to an appropriate sentence, Parker's counsel stated that Parker desired a continuance.  The district court denied the request.  Counsel then summarily restated his objections from the initial sentencing hearing, and the district court noted the objections for the record.  The court heard argument from the parties and allocution from Parker, and sentenced Parker to a total of 384 months of imprisonment.

On appeal, Parker argues that the district court improperly calculated the Guidelines sentencing range, erred in denying his motion for a continuance of the resentencing hearing, erred in refusing to review and consider the objections to the original presentence investigation report at the resentencing hearing, and that the written judgment is erroneous.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion

3

standard. Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If the sentence is free of procedural error, we review it for substantive reasonableness, taking into account the totality of the circumstances. Id. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In his first argument, Parker asserts that, as a result of the Fair Sentencing Act of 2010 (FSA), his Guidelines calculations should have changed, resulting in a lower total offense level. This argument is meritless. The record reveals that, in the original presentence investigation report, the probation officer applied the 2010 edition of the Sentencing Guidelines, as amended by the emergency amendments promulgated pursuant to the FSA, which were effective November 1, 2010. These amendments increased the quantities of crack cocaine required for drug quantity based offense levels in U.S. Sentencing Guidelines Manual § 2D1.1(c) (2010). Although the

4

revised statutory punishments effected by the FSA were not applied at Parker's initial sentencing, the Guidelines revisions were clearly applied.  Thus, there was no change to his Guidelines calculations at resentencing, except for the reduced criminal history category and the reduced statutory caps on imprisonment, which exceeded the sentencing ranges under the Guidelines.

Parker also argues that the court erred in failing to reconsider his objections to the initial PSR at the resentencing hearing.  Other than restating his objections, counsel did not request any further discussion or ruling by the court.  Thus, Parker's claim is reviewed only for plain error.  To establish plain error, Parker must show:  "(1) there is an error, (2) the error is plain, . . . (3) the error affects substantial rights . . . [and] the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and alterations omitted).  Generally, for an error to affect a defendant's substantial rights, it "must be prejudicial, which means that there must be a reasonable probability that the error affected the outcome . . . ."  United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

This court has recognized that, when it vacates a sentence, the district court on remand is not bound by its original sentencing determinations and may, but is not required to, reconsider those findings.  Susi, 674 F.3d at 284.  We conclude that the district court did not err in failing to sua sponte reconsider Parker's objections that were resolved at the initial sentencing hearing.  Parker cites no authority for his argument that the court should have reconsidered its objections, and does not assert any specific objections that the court should have reconsidered, or assert any error in the court's resolution of those objections at the initial sentencing hearing.  Finally, Parker's only assertion of prejudice is a general statement that the court's failure to specifically rule on objections that did not affect the sentencing range might prejudice Parker in the future.  We conclude that the court did not err in determining Parker's sentencing range.

Parker next argues that the district court erred in denying his motion to continue the resentencing hearing.  We review this claim for an abuse of discretion, which occurs when the denial of a continuance "is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.  Even if such an abuse of discretion is found, the defendant must show that the error specifically prejudiced his case in order to prevail."  United States v.

6

Copeland, 707 F.3d 522, 531 (4th Cir.) (internal quotation marks, citations, and alterations omitted), cert. denied, 134 S. Ct. 126 (2013).  We find no abuse of discretion.  Parker did not move for a continuance until the resentencing hearing was underway.  The only reason stated for requesting a continuance was to provide additional time to work on a defense.  Parker was previously convicted by a jury, so there was no defense available.  To the extent Parker wished for additional time to prepare for sentencing, neither he nor counsel stated any specific preparation for which additional time was required.  Moreover, as the district court noted, the issues to be considered at resentencing were straightforward.  Parker failed to state a justifiable request for delay, and fails on appeal to demonstrate that the denial of a continuance prejudiced him in any way.

Finally, Parker argues that the written judgment contains errors in that it states that, as to Counts One through Four, he was found guilty of a violation of 21 U.S.C. § 851 (2012) in addition to 21 U.S.C. §§ 841(a)(1) and 846 (2012).  He also asserts that the judgment erroneously states that the offenses in Counts Two and Three ended on January 27, 2010, rather than the dates specified in the indictment, November 9, 2009, and December 1, 2009, respectively.  The Government does not dispute the existence of these clerical errors, which the

7

district court may correct under Federal Rule of Criminal Procedure 36.

Accordingly, we affirm Parker's sentence, but remand to the district court for the limited purpose of correcting the clerical errors specified above. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>