**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6259**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

EDWARD J. WOODARD,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:12-cr-00105-RAJ-DEM-1; 2:16-cv-00616-RAJ)

Submitted: August 31, 2018                    Decided: September 6, 2018

Before MOTZ and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded in part; dismissed in part by unpublished per curiam opinion.

Edward J. Woodard, Appellant Pro Se. Melissa Elaine O'Boyle, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward J. Woodard appeals from the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We previously granted a certificate of appealability on the following issues: whether Woodard received ineffective assistance of counsel during plea negotiations and whether the district court erred in failing to hold a hearing on disputed facts regarding this issue. We ordered supplemental briefing on these issues, which has now been completed. We denied a certificate of appealability as to all other issues. We now vacate and remand for consideration of the issues above.

We review de novo the district court's legal conclusions underlying its denial of § 2255 relief. *United States v. Hairston*, 754 F.3d 258, 260 (4th Cir. 2014). A district court is required to hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010). Whether to hold an evidentiary hearing ordinarily is a decision left to the sound discretion of the district court. *See Gordon v. Braxton*, 780 F.3d 196, 204 (4th Cir. 2015). However, an evidentiary hearing is required when a movant presents a colorable Sixth Amendment claim relying upon disputed facts beyond the record or when a credibility determination is needed to resolve the issue. *United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000); *see United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) ("[I]f the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those disputes."). "When the district court denies § 2255 relief without an evidentiary

2

hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be reviewed "in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). In order to succeed on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

It is undisputed that the Government made a written plea offer to Woodard and that Woodard rejected the offer. However, Woodard contends that his attorneys were ineffective for failing to show him the actual written plea offer and/or failing to describe it accurately. While he testified prior to trial that he had received and rejected a plea offer, he asserts that his testimony was based upon the incomplete and inaccurate description of the offer given to him by his attorneys and, thus, should not bar his current claim. Specifically, Woodard contends that the offer did not require him to testify against his son and others, as he was erroneously informed by his attorneys, and had he known that he would not have to cooperate, he would have pled guilty and received a shorter sentence. His attorneys have no actual recollection of whether they showed him the document. Neither the district court nor the Government has addressed this issue.

Woodard correctly alleges that the plea offer letter in question does not say anything about cooperation. While the Government claims that every plea requires cooperation, such is not universally true, although certainly many plea agreements do include cooperation clauses. Moreover, this particular letter included no details at all, so

3

it is unlikely that it would have been accepted without further discussion. However, Woodard's attorneys do not aver that, upon receiving the letter, they questioned the Government regarding the details of the offer and whether cooperation would be required.* Moreover, while one of Woodard's attorneys asserts that he was in contact with the Government and, in the informal discussions, cooperation was always a requirement for a plea, the Government's plea offer stated that the parties had not been in contact regarding a plea.

We find that, viewing the evidence in the light most favorable to Woodard, the evidence submitted in district court supports the conclusion that counsel assumed cooperation would be required, informed Woodard accordingly, and did not further pursue plea negotiations with the Government. In fact, one of Woodard's attorneys specifically stated in an affidavit that, at the meeting where Woodard was presented with the plea offer, Woodard was told that cooperation was required. Further, at the very least, there are material issues of disputed fact regarding whether Woodard was shown the actual plea offer and/or accurately informed of its contents, especially given Woodard's defense team's difficulty remembering events. The firm's review of its files and email did not reflect that the letter was forwarded to Woodard electronically. If

---

* One of Woodard's attorneys made a time record entry upon receiving the plea letter, averring that he spent .2 hours reviewing the plea offer, discussing the letter with co-counsel, and determining that they would seek a meeting with the Government. There is no evidence that a meeting was actually requested. Further, the entry states that the plea offer was "virtually impossible on its face because of the Sentencing Guidelines probable Range."

4

Woodard was not permitted to read the actual document, his testimony prior to trial may have been based on incorrect information or, at the very least, counsel's assumptions regarding the Government's intentions regarding cooperation. Thus, we find that material issues of fact exist regarding whether counsel's performance was unreasonable. *See Lafler v. Cooper*, 566 U.S. 156, 166 (2012) (finding defendant was denied effective assistance of counsel where, based on counsel's erroneous advice, he proceeded to trial rather than accepting a plea deal); *Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir. 2003) (holding that failure to give accurate and correct advice regarding State's plea offer constituted constitutionally unreasonable performance).

However, to present a colorable claim of ineffective assistance, Woodard must also show prejudice. Here, the Government avers, somewhat inconsistently, both that Woodard was only willing to plead guilty to a misdemeanor with no cooperation and that his consistent protestations of innocence (including at trial under oath) cut against any finding that Woodard would ever have pled guilty. Woodard, on the other hand, claims that he would have accepted the alleged offer and pled guilty to the conspiracy, so long as he did not have to cooperate.

Woodard avers in his informal brief that his sentence was 3.5 times longer than what he would have received had he pled guilty. However, he does not provide any calculations supporting this contention, and the Government does not provide any evidence regarding what sentence Woodard would have faced under the offered plea. Moreover, the district court's determination that Woodard could not show prejudice was based on the assumption that Woodard would never have pled guilty; however, both

5

parties actually agree that Woodard was open to pleading guilty under certain circumstances. While Woodard was not offered a plea to a misdemeanor, the evidence that such an offer would have been accepted is nonetheless probative of Woodard's willingness to plead guilty under certain circumstances. *See also Smith v. United States*, 348 F.3d 548, 552-53 (6th Cir. 2003) (holding that "[p]rotestations of innocence throughout trial are properly a factor in the trial court's analysis, however they do not, by themselves, justify summary denial of relief [of a claim that a defendant received ineffective assistance with regard to the plea bargaining process] without an evidentiary hearing").

Accordingly, we find that there are several material issues of disputed fact preventing summary judgment in this case: whether Woodard was shown the Government's plea offer and/or accurately counseled regarding the cooperation requirements or lack thereof; whether counsel unreasonably failed to negotiate further with the Government following the plea offer; whether Woodard would have pled guilty if offered a plea to a felony that required no cooperation; and whether a sentence under the plea offer would have been substantially shorter than that Woodard would face after trial. Given these material issues of fact, the district court erred in failing to hold a hearing.

Accordingly, we vacate the portion of the district court's order rejecting Woodard's claim of ineffective assistance during plea negotiations and remand for an evidentiary hearing. We dismiss the remainder of the appeal. We deny Woodard's motion for appointment of counsel, but note that counsel will be appointed below for the

6

hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART;*
*DISMISSED IN PART*