**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7190**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALVIN JAMES HALL, a/k/a Kebo,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:12-cr-00513-JFA-16; 3:17-cv-02737-JFA)

Submitted: May 29, 2019                        Decided: June 12, 2019

Before NIEMEYER, KING, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Calvin James Hall, Appellant Pro Se. John David Rowell, Assistant United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin James Hall appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We granted a certificate of appealability on Hall's claim that the district court erred in rejecting, without an evidentiary hearing, Hall's claim that trial counsel rendered ineffective assistance by failing to properly advise him with respect to the Government's plea offer.[*] For the reasons that follow, we vacate the district court's order and remand for an evidentiary hearing.

In evaluating a district court's denial of a § 2255 motion, we review findings of fact for clear error and legal conclusions de novo. *United States v. MacDonald*, 911 F.3d 723, 797 (4th Cir. 2018). A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, a defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013); *see Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and

---

[*] Because the district court's resolution of the additional claims Hall seeks to raise on appeal is not debatable or wrong, we deny Hall's request to expand the certificate of appealability.

2

conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). In order to establish deficient performance, Hall must demonstrate that trial counsel's advice during plea negotiations "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *see Merzbacher*, 706 F.3d at 363 (applying *Strickland* standard for deficient performance in plea-negotiation context). To demonstrate prejudice where counsel's allegedly deficient performance led to the rejection of a plea offer, the defendant must demonstrate that, but for counsel's ineffective advice, a reasonable probability exists "that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances," that the court would have accepted the offer, and that the defendant would have been convicted of less serious charges or received a less severe sentence than the judgment actually imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

The district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). However, "if the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those disputes." *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004); *see also Raines*, 423 F.2d at 530 (recognizing "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court"). An

3

evidentiary hearing is "especially warranted" when factual allegations in a § 2255 motion "relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light, and where the ultimate resolution rests on a credibility determination." *White*, 366 F.3d at 302 (alteration, citations, and internal quotation marks omitted).

Here, the district court denied Hall's claim because it found that Hall's arguments that he would have accepted a plea agreement never offered by the Government were futile. However, Hall submitted a sworn affidavit raising complaints about advice he received from counsel during the plea negotiations that Hall alleged led him to reject the plea offer, and trial counsel expressly denied Hall's allegations in a competing affidavit. We conclude that the district court abused its discretion in failing to conduct an evidentiary hearing before deciding this issue. *See* 28 U.S.C. § 2255(b); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("[S]ummary judgment cannot be used to resolve swearing contests between litigants.").

Because resolution of Hall's ineffectiveness claim turns, in part, on credibility, we vacate the district court's order and remand for an evidentiary hearing to determine whether Hall's trial counsel was ineffective by failing to properly advise Hall with respect to the Government's plea offer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4